IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY E. WRIGHT and PATRICIA L. WRIGHT,

    Plaintiffs,

    v.

PATRICK SCHULTZ, an Adult Individual and PATRICK SCHULTZ trading and doing business as STONECLIFF HOMES, LLC, an Unregistered Fictious Name

    Defendants,

    v.

RONALD M. MILLER, R-MILR CONSTRUCTION, LLC, R-MILR CONSTRUCTION, LLC t/d/b/a RIL DESIGN & BUILD, and ANDERSEN WINDOWS, INC.

    Third Party Defendants.

Civil No. 18-938

## OPINION AND ORDER

Plaintiffs, Timothy E. Wright and Patricia L. Wright ("Plaintiffs"), bring the within action for Breach of Contract (COUNT I) and Violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (COUNT II) against Defendants, Patrick Schultz, an Adult Individual and Patrick Schultz trading and doing business as Stonecliff Homes ("Stonecliff"). In their Complaint, Plaintiffs allege they have suffered damage as a result of water damage to their home allegedly caused by Stonecliff. (ECF No. 1-3). Stonecliff brings the within Amended Third-Party Complaint against Third-Party Defendant, Ronald M. Miller, R-MILR Construction, LLC, R-MILR Construction, LLC t/d/b/a RIL Design & Build, ("Miller") for Breach of Contract

(COUNT I), in connection with Miller's installation of windows at the Plaintiffs' residence. Stonecliff also filed their Amended Third Party Complaint against Third-Party Defendant, Andersen Windows, Inc. ("Andersen") for Breach of Express Warranty (COUNT II) and Breach of Implied Warranty of Merchantability/Fitness for Ordinary Purpose (COUNT III) in connection with the manufacture of windows at the Wrights' residence. Andersen has filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), requesting its dismissal from the Amended Third-Party Complaint. After careful consideration of the Plaintiffs' Complaint (ECF No. 1-3), Stonecliff's Amended Third-Party Complaint (ECF No. 29), Andersen's Motion to Dismiss and Brief in Support (ECF Nos. 34 and 35), Stonecliff's Response and Brief in Opposition (ECF Nos. 39 and 41), Andersen's Reply Brief (ECF No. 42), the arguments of counsel, and for the following reasons, Andersen's Motion to Dismiss is granted.

**I.      Background**

Stonecliff built Plaintiffs' home in 2010-11. (ECF No. 1-3 at ¶¶ 1, 5, 11). In their Complaint, the Plaintiffs aver that construction deficiencies, including improper flashing, missing shingles, improper roofing techniques, and improper installation of the roof and windows by Stonecliff, caused water damage to their home. *Id.* at ¶¶ 21-22, 26. As to the windows, Plaintiffs alleged that they would not have suffered water infiltration had Stonecliff followed Andersen Windows' installation guide. *Id.* at ¶ 27. Thus, Plaintiffs filed their Breach of Contract Claim, Count I of the Complaint. Plaintiff also filed a UTPCPL claim, based upon Stonecliff alleged unfair and deceptive acts in misrepresenting its ability to perform the agreed-upon construction, at Count II of the Complaint. *Id.* at ¶¶ 37-58.

Stonecliff filed its Amended Third-Party Complaint against Andersen for breaches of express and implied warranties,[1] alleging that the windows Andersen manufactured were not free from defects, and that said defects necessitated repairs and/or replacement of Plaintiffs' windows, Counts II and III of the Amended Third-Party Complaint. (ECF No. 29 at ¶¶ 31-44). Presently, the issue of subject matter jurisdiction is capable of assessment from a facial challenge analysis.

II. **Standards of Review**

**Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the court's "[j]urisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things." *Subject Matter Jurisdiction*, Black's Law Dictionary (10th ed. 2014). In other words, "a court's subject-matter jurisdiction is its power to hear cases." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560 (2017). The plaintiff has the burden of establishing that the court has subject matter jurisdiction, *Reg'l Med. Transp., Inc. v. Highmark, Inc.*, 541 F. Supp. 2d 718, 725 (E.D. Pa. 2008), and the defendant can challenge whether the plaintiff has done so, through either a facial challenge or a factual challenge to the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

In a facial challenge, the court looks to the face of the complaint and accepts as true the facts alleged by the plaintiff. *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir.

---

[1] In its response to the Motion to Dismiss, Stonecliff concedes that the statute of limitations bars its claims for Breach of Implied Warranty of Merchantability/Fitness for Ordinary Purpose in Count III of the Amended Third-Party Complaint. Accordingly, the Court will limit its analysis of the Motion to Dismiss to Count II of Stonecliff's Amended Third Party Complaint, claims for breach of express warranty. (ECF No. 41 at p. 24).

2016). If the court cannot conclude, based on the face of the complaint, that jurisdictional requirements are met, then the court must dismiss the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In a factual challenge, however, the plaintiff's factual allegations are not presumed to be true, and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Hartig Drug Co.*, 836 F.3d at 268. The court cannot exercise jurisdiction where Congress has not given it, even if all parties assume subject matter jurisdiction exists. *Id.* at 267.

### III. Discussion

Stonecliff contends that its liability claims against Andersen depend on the outcome of the Plaintiffs' claims and/or derive from Plaintiffs' claims. Andersen disagrees and contends that the Amended Third-Party Complaint is not proper under Fed. R. Civ. P. 14. "[I]f a third-party complaint is not properly brought, the court has no subject matter jurisdiction, and the complaint should be dismissed." *Morris v. Lenihan*, 192 F.R.D. 484, 487 (E.D. Pa. 2000). A defendant may bring a third-party complaint against a nonparty "who is or may be liable" to the defendant "for all or part of the claim" against the defendant. Fed. R. Civ. P. 14(a)(1). In other words, "[a] defendant may not bring in a third party that is solely liable to the plaintiff"; the third party must be directly liable to the defendant. *EQT Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 492 (W.D. Pa. 2016). "[F]or a third-party claim to be valid, there must be a basis for liability between the third-party defendant and the defendant/third-party plaintiff." *Id.* (citing C. Wright, A. Miller, & M. Kane, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.)). In other words, "[a] defendant may only use Rule 14 [of the Federal Rules of Civil Procedure] to implead a third-party defendant where the third-party defendant is, or may be, liable to the defendant derivatively or secondarily, and not to join a person who is or may be liable solely to the plaintiff." *Flickinger v. Toys R Us, Inc.*, No.

3:10-CV-305, 2010 WL 4384252, at *1 (M.D. Pa. 2010), *citing FDIC v. Bathgate,* 27 F.3d 850, 873 (3d Cir. 1994); *see Gamble v. Treetop Dev., LLC,* No. 3:16-CV-01960, 2017 WL 3392356, at *2 (M.D. Pa. 2017) (explaining that "it is not permissible to bring in a person as a third-party defendant simply because he is or may be liable to the plaintiff") (citing *National Fire Ins. Co. of Hartford v. Daniel J. Keating Co.,* 35 F.R.D. 137 (W.D. Pa. 1964) ).

Andersen argues that the Stonecliff's third-party claim is not dependent on the outcome of Plaintiffs' claims against Stonecliff. Specifically, Plaintiffs' proof that Stonecliff improperly installed the windows will be independent of whether Andersen's windows were defective. Stonecliff counters that it was Andersen's breach of express warranties that caused Stonecliff to breach its contract and/or violate the UTPCPL. Plaintiffs however have made no claim that the Andersen windows were defective. Thus, the alleged defects that Stonecliff claims cannot form the basis for any liability of Stonecliff under Plaintiffs' Complaint. Thus, there is no possible liability that can be derivative for Stonecliff to claim against Andersen.

In their Complaint, the Plaintiffs allege that Stonecliff improperly installed the Andersen's windows, and that said faulty installation was the cause of Plaintiffs' damages. (ECF No. 1-3 at ¶ 27). Plaintiffs also allege under the UTPCPL that Stonecliff alleged unfair and deceptive acts in misrepresenting its ability to perform the agreed-upon construction. Plaintiffs Complaint against Stonecliff does not allege that the Andersen windows were themselves in any way defective or in breach of any warranties. Plaintiffs make no claim against Andersen in their Complaint. Plaintiffs' theory of causation in support of their claim for damages for breach of contract against Stonecliff depends solely upon Stonecliff's improper installation conduct. Stonecliff's Amended Third Party Complaint alleging supply of defective windows is not derivative or dependent upon Plaintiffs' claims in their Complaint against Stonecliff. Moreover, Stonecliff's Amended Third

Party Complaint asserting breach of express warranty claims against Andersen does not derive from the Plaintiff's UTPCPL claim against Stonecliff, where Stonecliff's Amended Third Party Complaint does not allege that Andersen engaged in any unfair and deceptive practices. Therefore, Stonecliff has improperly brought its Amended Third-Party Complaint against Andersen. As such, this Court does not facially have subject-matter jurisdiction. *See e.g. F.D.I.C. v. Bathgate*, 27 F.3d 850 (3d. Cir. 1994). Accordingly, Andersen's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted.

Following the grant of Andersen's Motion to Dimiss for lack of subject-matter jurisdiction, there is no need to decide the remainder of Andersen's Motion to Dismiss arguments. *See In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). Because Plaintiffs' claims in this case against Stonecliff concern faulty installation and the violation of the UTPCPL, which are not related to any warranty issues for defective windows, further Amendment of the Amended Third Party Complaint claim against Andersen would be futile.

## **ORDER**

AND NOW, this 28th day of May 2019, after careful consideration of the Plaintiffs' Complaint (ECF No. 1-3), Stonecliff's Amended Third-Party Complaint (ECF No. 29), Andersen's Motion to Dismiss and Brief in Support (ECF Nos. 34 and 35), Stonecliff's Response and Brief in Opposition (ECF Nos. 39 and 41), Andersen's Reply Brief (ECF No. 42), the arguments of counsel, and for the foregoing reasons, Andersen's Motion to Dismiss is granted. Stonecliff's Amended Third-Party Complaint against Andersen is dismissed.

_____
Marilyn J. Horan
United States District Judge